COWART, Judge.
The parties are the son and daughter and only heirs of their mother Elizabeth D. Slater who died intestate in 1966. The son was originally appointed personal representative of the mother’s estate and continued until December 8, 1980, when he was removed and the daughter appointed. During the 14 odd years that the son was the personal representative many partial distributions of both money and real property were made to both the son and the daughter. A final accounting was amended by the court and *1111 approved as amended. After eliminating from consideration certain property which is currently the subject of other pending litigation between the parties apparently the court found that during the administration of the estate the son received partial distributions in excess of that received by the daughter to the extent of cash and personal property in the amount of $37,-262.02[1] and real property to the extent of $10,900 according to values on some early appraisal. At the time of final distribution there was cash in the amount of $47,507.17 less $38,498.37 for final attorney’s fees and expenses leaving a net of $9,008.80 and real estate of the value of $345,500, according to a more recent valuation, for total assets of $354,508.80 available for final distribution. The daughter proposed to make a final distribution of the net assets ($354,508.80 as adjusted by the court) by taking the $10,900 difference in the partial distribution of real estate, dividing it into halves and then taking the daughter’s half of $5,450 and adjusting it by a 15 per cent straight line appreciation figure to become $81,900 and by adding that sum to one-half of the cash disparity of $37,262.02, being $18,631.01, to obtain an adjustment of $100,531.01 which adjustment would be subtracted from the son’s half of the total net assets of $354,-508.80, being $177,254.40 to leave him $76,-723.39 and added to the daughter’s $177,-254.40 half of the total net assets available for final distribution to give her $277,-785.41. The trial court accepted this concept to the extent that it made a ratio of the proposed disbursement as follows: the daughter’s $277,785.41 divided by $354,-508.80 equals .7836 and the son’s $76,723.39 divided by $354,508.80 equals .2164[2] and applied those ratios to the cash of $9,008.80 ordering a cash disbursement to the daughter of .7836 times $9,008.80 or $7,059.30 and to the son of .2164 times $9,008.80 or $1,949.50. However the trial court then ruled that because the land descended equally to the two heirs as tenants in common at the mother’s death intestate the court could not make any adjustment for the unequal partial distribution of the real estate and that the title to all of the remaining real property was owned equally by the two heirs. The daughter appeals. We reverse.
The ratio distribution proposed by the daughter related to both the cash and the real property. In view of the fact that at the time of final distribution the son had already received partial distributions of *1112 $39,162.06[3] in excess of those received by the daughter, it was error for the trial judge to order equal distribution of the real property and to also allow the son the $1,949.50 distribution of cash. The distribution ordered still left the son with a total distribution of $34,052.26 more than the total distribution to the daughter.
The title to real property owned by an intestate decedent descends at death directly to the heirs subject to the administration of the estate. See Ray v. Rotella, 425 So.2d 94 (Fla. 5th DCA 1982). However, where, as here, unequal partial distributions are made to equal heirs during the administration of the intestate estate, the personal representative has the duty, and the probate court has the authority and jurisdiction, at final distribution, to settle and distribute the estate of the decedent in accordance with the applicable law governing the descent and distribution of intestate estates. See §§ 733.602(1) and 733.608(3), Fla.Stat. (1981). Under section 732.103(1), Florida Statutes (1981), the son and daughter in this case inherited equal shares in their mother’s estate. There are several ways that the inequality resulting from the unequal partial distributions can be eliminated. To the extent that the son obtained partial distributions in excess of that of the daughter, the excess distributions to the son could be treated as improperly distributed and the son be required to return to the estate the property improperly received and its income since distribution, or its value plus income and gain, under the authority of section 733.812, Florida Statutes (1981). If, because of the unequal partial distributions it is now not practicable to distribute undivided interests in the residue of the estate property, such property of the estate as may be necessary can be converted to cash for the necessary unequal final distribution needed to equalize the total shares of the heirs. See § 733.810(l)(b), Fla.Stat. (1981).
The daughter is not entitled to an appreciation adjustment on the excess partial distributions of real estate received by the son. She should have acted long ago to have kept the partial distributions substantially equal and to close the estate and have a final distribution. The son should either pay the daughter directly from his own funds one-half of the $39,162.06 of excess distributions he has received with legal interest thereon from receipt of the excessive distributions to the present, or sufficient assets of the estate should be sold so that an additional $39,162.06 plus legal interest thereon can be distributed to the daughter in order to equalize their partial distributions from the estate and then the remaining assets of the estate distributed equally.
As it relates to distribution of both the cash and the real property the appealed order of January 9, 1982, is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB and FRANK D. UPCHURCH, JJ., concur.

. This figure is based on Schedule E of the final accounting which, as amended, shows the sum of $18,631.01 as one-half of the excess distributions other than real property to John David Slater. When doubled, this gives the sum of $37,262.02 as the total amount of excess distributions of cash and personal property to John David Slater. The $18,631.01 figure on Schedule E was obtained as follows:
(a) Cash $ 9,016.64
(b) Furniture $ 500.00
(c) Stock $ 114.37
(d) Rent $ 9,000.00
Subtotal $18,631.01
The following is a comparison of partial distributions to the son, Schedule D-2, with partial distributions to the daughter, Schedule D-l, using the correct figures:
PARTIAL DISTRIBUTIONS JOHN SLATER CARRIE SLATER EXCESS TO JOHN SLATER
Cash $26,450.77 $ 8,417.49 $18,033.28
Personal Property
Furniture $ 1,000.00 $ 1,000.00
Stock $ 228.78 $ 228.78
Rent from Real Property $ 9,000.00 $ 9,000.00
SUBTOTAL $28,262.06
Real Property $31,200.00 $20,300.00 $10,900.00
Correct TOTAL of excess distributions to John Slater $39,162.06

. Actually, the final judgment appears to divide 354,508.80 by 76,097.60 to obtain the figure .2164 but this is assumed to be a typographical error.

. See n.l, supra.